18-2356-ag
Montejo-De Cortez v. Garland

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty-one.

PRESENT:  DENNIS JACOBS,
          RAYMOND J. LOHIER, JR.,
          RICHARD J. SULLIVAN,
                    *Circuit Judges*.
------------------------------------------------------------------

SILVIA DE LOS ANGELES MONTEJO-
DE CORTEZ, JOSSELIN LISSETH
CORTEZ-MONTEJO, MAURICIO
ELENILSON CORTEZ-MONTEJO,
EMERSON ENRIQUE CORTEZ-
MONTEJO,

     *Petitioners*,

     v.                 No. 18-2356-ag

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

     *Respondent*.
------------------------------------------------------------------

FOR PETITIONERS: Bruno Joseph Bembi, Hempstead, NY

FOR RESPONDENT: Matthew A. Spurlock, Trial Attorney, John S. Hogan, Assistant Director, Office of Immigration Litigation, *for* Brian Boynton, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Silvia De Los Angeles Montejo-De Cortez and her children Josselin Lisseth Cortez-Montejo, Mauricio Elenilson Cortez-Montejo, and Emerson Enrique Cortez-Montejo, all natives and citizens of El Salvador, seek review of a July 30, 2018 decision of the BIA affirming an August 9, 2017 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] In re Silvia De Los Angeles

---

[1] We refer to Petitioner Silvia De Los Angeles Montejo-De Cortez as "Montejo," as she refers to herself in her brief, and to her children by their first names.

2

*Montejo-De Cortez, et al.*, Nos. A209 428 651/652/655, A209 891 509 (B.I.A. July 30, 2018), aff'g Nos. A209 428 651/652/655, A209 891 509 (Immig. Ct. N.Y.C. Aug. 9, 2017). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to deny the petition.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "We review factual findings under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review questions of law—and the application of law to undisputed facts—*de novo*. *Id.*

**I.      Asylum and Withholding of Removal**

To establish eligibility for asylum, an applicant must show that he or she suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i). To qualify for

3

withholding of removal, an applicant must establish a clear probability of future persecution based on a protected characteristic. Lecaj v. Holder, 616 F.3d 111, 119 (2d Cir. 2010). We find no error in the agency's denial of both kinds of relief based on its conclusion that Montejo and Emerson failed to establish past persecution and a nexus between the alleged persecution and a protected ground.

A. Past Persecution

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." Mei Fun Wong v. Holder, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). It may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must rise above "mere harassment." Ivanishvili v. U.S. Dep't of Just., 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and brackets omitted). "[U]nfulfilled threats" such as those Montejo and Emerson received do not constitute persecution. Gui Ci Pan v. U.S. Att'y Gen., 449 F.3d 408, 412–13 (2d Cir. 2006) (quotation marks omitted).

B. Nexus to a Protected Ground

We likewise find no error in the agency's determination that Montejo and

4

Emerson failed to establish a nexus between the alleged persecution and the following protected characteristics.

    1.  <u>Particular Social Groups</u>

To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." <u>Matter of M-E-V-G-</u>, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); <u>see also</u> <u>Ucelo-Gomez v. Mukasey</u>, 509 F.3d 70, 72–74 (2d Cir. 2007). "[H]arm motivated purely by wealth is not persecution." <u>Ucelo-Gomez</u>, 509 F.3d at 74. Further, a social group is not cognizable if it "depends on no disadvantage other than purported visibility to criminals." <u>Id.</u> at 73.

The agency reasonably concluded that Montejo's proposed social group of "El Salvadoran women who are heads of households with husbands living in the United States" was not cognizable because her testimony revealed that it related to perceived wealth and vulnerability to crime. App'x at 100; <u>see</u> <u>Ucelo-Gomez</u>, <u>509 F.3d</u> at 73–74. The agency also did not err in finding that Montejo failed to establish her membership in the proposed social group of "El Salvadoran women

5

head[s] of households unable to report crimes to the police" because she provided no evidence that she is in fact unable to report such crimes to the police. App'x at 101 (quotation marks omitted).

The agency also reasonably rejected Emerson's proposed group of El Salvadorans who resist gang recruitment on the grounds that it lacked the required particularity. That group could consist of "a potentially large and diffuse segment of society, and the motivation of gang members in recruiting and targeting young males could arise from motivations quite apart from any perception that the males in question were members of a class." Matter of S-E-G-, 24 I. & N. Dec. 579, 585 (B.I.A. 2008); see Ucelo-Gomez, 509 F.3d at 73. The IJ found Emerson's other proposed group of "El Salvadoran youth living in female-headed households" to be non-cognizable because it was too broad and lacked well-defined boundaries. App'x at 99-100. Since Emerson failed to challenge the IJ's determination before the BIA, we decline to consider his challenge on appeal. See Lin Zhong v. U.S. Dep't of Just., 480 F.3d 104, 123 (2d Cir. 2007).

2. Political Opinion and Religion

To demonstrate that past or prospective persecution bears a nexus to an

6

applicant's religion or political opinion, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief," rather than from the persecutor's own "generalized political" opinion. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir. 2005) (quotation marks omitted). Emerson failed to make this showing. He provided no evidence that gang members sought to recruit or threatened him on account of his religion, and he admitted that gang members target nonreligious individuals as much as religious ones. Further, although Emerson testified to his anti-gang political opinion, he did not assert that gangs were aware of this opinion, and indeed admitted that he had never taken any action to protest gangs or otherwise bring his opposition to their attention.

Because Montejo and Emerson failed to establish past persecution or a nexus between the harm they fear and a protected ground, the agency did not err in denying asylum. Nor did it err in denying withholding of removal, whose heightened standard likewise requires applicants to establish that the persecution they fear would be on account of a protected characteristic. Accordingly, we need not reach any of the agency's alternative reasons for denying such relief.

7

**II.  CAT Protection**

To be eligible for CAT relief, an applicant must show that "it is more likely than not that removal will cause him to be subject to torture," De La Rosa v. Holder, 598 F.3d 103, 106 (2d Cir. 2010), which is defined as the intentional infliction of severe pain or suffering "by . . . or with the consent or acquiescence of a public official," Khouzam v. Ashcroft, 361 F.3d 161, 168 (2d Cir. 2004) (quotation marks omitted).  The agency found that Montejo and Emerson did not qualify for relief under the CAT, and on appeal the petitioners fail to identify any error in the agency's conclusion.[2]

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] There is an open question as to whether the agency wrongly imported the standard applicable to claims for asylum and withholding of removal—which requires a nexus to a protected category—when it denied Montejo's and Emerson's application for CAT relief.  But since neither Montejo nor Emerson identified this potential error in their briefs on appeal, the argument has been abandoned.  See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).